IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS RACKLEY; ROSS & LINDSEY SMITHERMAN; JESSIE & TERESA HOLYFIELD; BOB & DEBRA PARKER,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NUMBER: 07-748<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendant Ameriquest Mortgage Company, Inc. aver as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in a mortgages upon Plaintiffs' homes, all of which are located in this district. Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company, Inc. ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to

make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained his or her right to cancel the transaction. Each Plaintiff has exercised that right by delivering written notice of his or her election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Each Plaintiff seeks a court determination that his or her loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1. Plaintiffs are all of full age of majority and reside in this district.

2. Ameriquest Mortgage Company, Inc. ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3. Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

4.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5.    A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations

under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8. As to each of the Plaintiffs' loans AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

9. With respect to each of the Plaintiffs' loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

10. Pursuant to TILA, Section 15 U.S.C. §1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

11. Each of the Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

12. AMC is a "creditor" as that term is defined at 15 U.S.C. §1602(f).

**The Rackley Loan**

13. Plaintiff Curtis Rackley is an adult resident of Choctaw County, Alabama and at all material times resided at 412 Oscar Gray Road in Butler, Alabama.

14. On or about April 14, 2005, Mr. Rackley obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $76,500 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Rackley Loan").

15. AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

16. With respect to the Rackley Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

17. As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms Brown retained her right to cancel the transaction.

18. By letter dated August 31, 2007, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

19. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT I
### TILA Violations - Rackley

21. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22. Plaintiff has properly and effectively cancelled and rescinded the Rackley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23. Defendant has violated TILA, with respect to the Rackley Loan, in at least the following ways:

> (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and
>
> (B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Curtis Rackley respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

> A) Statutory damages as provided in 15 U.S.C. § 1640(a);
>
> B) Actual damages in an amount to be determined at trial;
>
> C) Rescission of the Rackley Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Smitherman Loan**

24. Plaintiffs Ross and Lindsey Smitherman are married and, at all material times, resided at 812 Louise Ave. in Mobile, Alabama.

25. On or about April 22, 2005, Mr. and Mrs. Smitherman obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $117,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Smitherman Loan").

26. AMC failed to provide the required notices of the Plaintiffs' right to cancel the Smitherman loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

27. With respect to the Smitherman loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

28. As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Ross and Lindsey Smitherman retained their right to cancel the transaction.

29. By letter dated July 18, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

30. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

### COUNT II
### TILA Violations - Smitherman

32. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

33. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

34. Defendant has violated TILA, with respect to the Smitherman Loan, in at least the following ways:

> (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and
>
> (B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Ross and Lindsey Smitherman respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

> A) Statutory damages as provided in 15 U.S.C. § 1640(a);
>
> B) Actual damages in an amount to be determined at trial;
>
> C) Rescission of the Smitherman Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;
>
> D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;
>
> E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;
>
> F) A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender

obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Holyfield Loan**

35. Plaintiffs Jessie and Teresa Holyfield are married and, at all material times, resided at 4954 County Road 3 in Millry, Alabama.

36. On or about June 30, 2005, Mr. and Mrs. Holyfield obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $110,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Holyfield Loan").

37. AMC failed to provide the required notices of the Plaintiffs' right to cancel the Holyfield loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

38. With respect to the Holyfield loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

39. As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Jessie and Teresa Holyfield retained their right to cancel the transaction.

40. By letter dated September 17, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

41. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT III
## TILA Violations - Holyfield

43. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45. Defendant has violated TILA, with respect to the Holyfield Loan, in at least the following ways:

   (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

   (B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Jessie and Teresa Holyfield respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Holyfield Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Parker Loan**

46. Plaintiffs Bob and Debra Parker are married and, at all material times, resided at 1118 Carre Drive West in Mobile, Alabama.

47. On or about June 21, 2005, Mr. and Mrs. Parker obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $239,323 and was secured by a

mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Parker Loan").

48. AMC failed to provide the required notices of the Plaintiffs' right to cancel the Parker loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

49. With respect to the Parker loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

50. As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Bob and Debra Parker retained their right to cancel the transaction.

51. By letter dated September 24, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

52. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT IV
### TILA Violations - Parker

54.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

55.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.     Defendant has violated TILA, with respect to the Parker Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Bob and Debra Parker respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Parker Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_____
JAMES D. PATTERSON   (PATTJ6485)
One of the Attorneys for Plaintiffs
21 South Section St.
Fairhope, Alabama 36532
Telephone: 251.990.5558
Facsimile: 251.990.0626
E-mail: jpatterson@alalaw.com

_____
EARL P. UNDERWOOD, JR. (UNDEE6591)
One of the Attorneys for Plaintiffs
21 South Section St.
Fairhope, Alabama 36532
Telephone: 251.990.5558
Facsimile: 251.990.0626
E-mail: epunderwood@alalaw.com

_____
KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company, Inc.
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104