## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CURTIS RACKLEY; ROSS &** | ) | |
| **LINDSEY SMITHERMAN;** | ) | |
| **JESSIE & TERESA HOLYFIELD;** | ) | |
| **BOB & DEBRA PARKER** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE NUMBER** |
| **v.** | ) | |
| | ) | **1:07-cv-00748-CG-M** |
| **AMERIQUEST MORTGAGE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

---

According to the allegations in plaintiffs' Complaint, seven different plaintiffs allegedly attempted to rescind four different "residential real estate mortgage loan[s]" ***more than two years after*** the different plaintiffs had originally obtained their respective "residential real estate mortgage loan[s]." Plaintiffs were provided ample notice of their rights to rescind at the time of the underlying transactions back in 2005, but none of the plaintiffs took any action at the time. Moreover, by they time they allegedly attempted to rescind their loan more than two years later, two of the plaintiffs had already paid off their loan in full. For these plaintiffs, there was nothing to rescind.

At the time they allegedly attempted to rescind, none of the plaintiffs had a right to rescind, and any other claims plaintiffs may bring are barred by the relevant statute of limitations. As set forth in more detail below, all of plaintiffs' claims are due to be dismissed under Rule 12(b)(6):

## I. FACTS

The following facts are alleged in plaintiffs' Complaint or are otherwise likely to be undisputed by the parties:

1.    Plaintiffs allege that each of them obtained a "residential real estate mortgage loan" from defendant:[1]

    a.    Plaintiff Curtis Rackley allegedly obtained his loan on April 14, 2005.[2]

    b.    Plaintiffs Ross & Lindsey Smitherman allegedly obtained their loan on April 22, 2005.[3]

    c.    Plaintiffs Jessie & Teresa Holyfield allegedly obtained their loan on June 30, 2005.[4]

---

[1] Doc. 1, Compl., ¶¶ 14, 25, 36, & 47. Of course, if the Court were to opt not to dismiss plaintiffs' Complaint, the Court would also need to consider whether all seven plaintiffs are properly joined in this action under Rule 20(a). *See* FED. R. CIV. P. 20(a). There are at least four separate "residential real estate mortgage loan[s]" placed at issue by plaintiffs' Complaint.

[2] Doc. 1, Compl., ¶ 14.

[3] *Id.* at ¶ 25. On the loan documents, the borrowers are identified as "Lindsey Adams" and "Ross Smitherman." Presumably, Lindsey Adams and Lindsey Smitherman are the same person.

[4] *Id.* at ¶ 36. On the loan documents, unlike in the Complaint, the name "Teresa" is spelled and signed "Theresa."

      d.     Plaintiffs Bob & Debra Parker allegedly obtained their loan on June 21, 2005.[5]

2.     Plaintiffs admit that they were provided "form notices" of their rescission rights at the time of closing, but they allege that these notices were "blank, unsigned and not dated" and that "at no point at or after closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction."[6]

3.     Plaintiffs admit that they each were provided a notice of Ameriquest's contractual "ONE WEEK CANCELLATION PERIOD,"[7] but they allege that this notice was "confusing" and was "also delivered unsigned and undated."[8]

4.     Plaintiff do not dispute that they each signed the "NOTICE OF RIGHT TO CANCEL" form and specifically acknowledged: "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act

---

[5] *Id.* at ¶ 47.

[6] *Id.* at ¶¶ 8, 15, 26, 37, & 48.

[7] *Id.* at ¶ 9.

[8] *Id.* at ¶¶ 16, 27, 38, & 49.

of 1980 (Public Law 96-221)."[9]  Plaintiffs also do not dispute that they specifically acknowledged, at closing, receipt of defendant's "ONE WEEK CANCELLATION PERIOD" form,[10] which contractually provided plaintiffs a longer cancellation period than was required by the federal statute.

5.    Notwithstanding being informed, on April 14, 2005, April 22, 2005, June 30, 2005, and June 21, 2005, respectively, of their rights to rescind,[11] the plaintiffs did **_not_** attempt to rescind their loans until they allegedly sent letters on August 31, 2007, July 18, 2007, September 17, 2007, and September 24, 2007, respectively.[12]  In other words, all plaintiffs waited **_more than two years_** before attempting to rescind.

---

[9] *See* Exs. A-D, attached hereto (with loan numbers redacted). If the Court determines that it needs to evaluate these "NOTICE OF RIGHT TO CANCEL" forms in order to dismiss plaintiffs' claims, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this case, the contents of the "NOTICE OF RIGHT TO CANCEL" documents do not appear to be in dispute: "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiffs, presumably, do not dispute the authenticity of their own signatures.

[10] *See* Exs. E-H, attached hereto (with loan numbers redacted). Per footnote 9, *supra*, the Court may consider these "ONE WEEK CANCELLATION PERIOD" forms on a Rule 12(b)(6) motion.

[11] Doc. 1, Compl., ¶¶ 8-9; *see* Exs. A-H, attached hereto.

[12] Doc. 1, Compl., ¶¶ 18, 29, 40, & 51.

6.      Moreover, at the time they allegedly sent their rescision letter on September 17, 2007, the loan of Jessie & Theresa Holyfield had already been paid off in full, and defendant released its security interest in these plaintiffs' property.[13]

7.      Then, on October 17, 2007, plaintiffs filed the present action against the defendant, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaration that security interests are void, return of moneys, declaration that plaintiffs have no duty to tender loan proceeds to defendant, and attorney fees and costs.[14]

## II. <u>ARGUMENT</u>

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it appears that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.[15]   Courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting ... bald assertions, unsupportable conclusions and 'opprobrius epithets.'"[16]   Moreover,

---

[13] *See* Ex. I, attached hereto (with loan numbers redacted).   If the Court determines that it needs to evaluate this "RELEASE OF MORTGAGE" in order to dismiss plaintiff's claims, per footnote 9, *supra*, the Court may still dispose of the matter under Rule 12(b)(6).

[14] *Id.* at unnumbered "WHEREFORE" paragraphs following ¶¶ 23, 34, 45, & 56.

[15] FED. R. CIV. P. 12(b)(6); *Paradise Divers, Inc. v. Upmal¸* 402 F.3d 1087, 1089 (11th Cir. 2005).

[16] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

a Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[17]

The claims of plaintiffs Jessie & Theresa Holyfield are not to be credited. Plaintiffs allege that defendant violated TILA by "failing to take . . . the steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan"[18] *after* plaintiffs allegedly attempted to rescind this loan on September 17, 2007.[19]    However, well before plaintiffs' alleged September 17, 2007 attempt at rescission, ***defendant had already terminated the security interest created by the loan***.[20]    In other words, there was nothing to rescind,[21] and plaintiffs' claim that defendant failed to terminate this particular security interest lacks foundation.

Moreover, the statute under which plaintiffs seek relief, the Truth-in-Lending Act, provides, in relevant part:  "Any action under this section may be

---

[17] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[18] Doc. 1, Compl., ¶¶ 41 & 45.

[19] *Id.* at ¶ 40.

[20] *See* Ex. I, attached hereto.

[21] *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986); *accord Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp.2d 737, 746 (N.D. Ill. 2002).

brought in any United States district court, or in any other court of competent jurisdiction, *__within one year from the date of the occurrence__* of the violation."[22] Plaintiffs' claims are premised on "residential real estate mortgage loan[s]" that they allegedly obtained between April 13, 2005 and June 30, 2005, respectively,[23] so any claims based on Truth-in-Lending violations at the time of closing are *__barred by the statute of limitations__*.  As such, any relief plaintiffs may seek for Truth-in-Lending violations unrelated to their attempted rescissions beginning on July 18, 2007[24] are time-barred.

The Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the *__third business day__* following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[25]  However, if such notice is never provided, the "right of rescission shall expire *__three years__* after the date of consummation of the transaction."[26]

---

[22] 15 U.S.C. § 1640(e) (emphasis added).

[23] *See* Doc. 1, Compl., ¶¶ 14, 25, 36, & 47.

[24] *See id.* at ¶¶ 18, 29, 40, & 51.

[25] 15 U.S.C. § 1635(a) (emphasis added).

[26] 15 U.S.C. § 1635(f) (emphasis added).

Plaintiffs' allegation in this case that "at no point at or after closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction"[27] is squarely contradicted by the "NOTICE OF RIGHT TO CANCEL" forms and "ONE WEEK CANCELLATION PERIOD" forms that each of the plaintiffs signed on April 14, 2005, April 22, 2005, June 30, 2005, and June 21, 2005, respectively.[28]    Under the statute, plaintiffs' acknowledgements create a "rebuttable presumption" that they received the forms.[29]    Plaintiffs in this case apparently ***do not dispute the authenticity*** of their respective acknowledgments. Instead, plaintiffs' Complaint raises two unrelated challenges to the presumption that they each were informed of their rescission rights at the time of closing.

**First**, plaintiffs allege that their copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on the lender's copies.[30]    This allegation is intended to bring plaintiffs' claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[31] and the Ninth Circuit's

---

[27] *Id.* at ¶¶ 15, 26, 37, & 48.

[28] *See* Exs. A-H, attached hereto.

[29] 15 U.S.C. § 1635(c).

[30] Doc. 1, Compl., ¶¶ 15, 26, 37, & 48.

[31] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

*Semar* holding.[32]  The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* --

opinions which have never been followed by the Eleventh Circuit[33] -- held that a

lender's failure to fill in the expiration date on the notice form renders the notice

ineffective and, thus, extends the rescission period for the full three-year period set

forth in 15 U.S.C. § 1635(f).  However, the First Circuit's recent decision in

*Palmer v. Champion Mortgage*[34] is more instructive as to the facts alleged at bar.

In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she

had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed

she had not received her copies of this form until sometime after April 1.  The

*Palmer* court noted that the Notice also "twice indicated in plain language that, in

the alternative, the debtor had three business days after *receipt* of the Notice in

which rescind."[35]  The First Circuit thus held this Notice sufficient to apprise

plaintiff of her rights and specifically distinguished the case at bar from the Ninth

Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only

---

[32] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[33] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

[34] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[35] *Id.* at 27-28.

those cases where the lender's notice provides "no rescission deadline whatsoever."[36]

In the present case, as in *Palmer*, the "NOTICE OF RIGHT TO CANCEL" forms that each of the plaintiffs admittedly took home at closing[37] twice indicated to them that they had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction. Moreover, none of the plaintiffs disputes that the "Document Signing Date" and the "Final Date to Cancel" lines were, in fact, filled in on the copies each of the plaintiffs signed on April 14, 2005, April 22, 2005, June 30, 2005, and June 21, 2005, respectively.[38] It is well-settled in the Eleventh Circuit that "***TILA does not require perfect notice***; rather it requires a clear and conspicuous notice of rescission rights."[39] In this case, ***each plaintiff admits that he/she was informed of his/her right to rescind at the time of closing***.[40] As such, plaintiffs' claims are due to be dismissed under Rule 12(b)(6).

---

[36] *Id.* at 29.

[37] Doc. 1, Compl., ¶ 8.

[38] *See* Exs. A-D, attached hereto.

[39] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

[40] *See* Exs. A-D, attached hereto; Doc. 1, Compl., at ¶¶ 15, 26, 37, & 48.

**Second**, plaintiffs seek to circumvent the statutory proviso giving them until "midnight of the third business day following the consummation of the transaction"[41] to rescind, by alleging that the additional "ONE WEEK CANCELLATION PERIOD" form they signed was "confusing" and "obscur[ed]" their "actual statutory rights."[42] Plaintiffs are apparently seeking to rely on case law from other circuits analyzing what happens when a lender provides the wrong or conflicting forms, depending on whether or not the transaction in question is a "refinancing" transaction.[43] Although these decisions from other circuits are not directly on point, plaintiffs presumably will rely on these authorities to support their claims that defendant in this case somehow "obscur[ed]" their statutory rights to rescind by contractually providing plaintiffs a period of time longer than the three business days set forth in the statute. In *Veale*, however, the Eleventh Circuit **_specifically disagreed with and declined to follow_** the Third Circuit's *Porter*

---

[41] 15 U.S.C. § 1635(a).

[42] Doc. 1, Compl., ¶¶ 8, 16, 27, & 38.

[43] *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (lender did not provide proper notice of right to rescind where lender provided two separate notices of rescission rights, one for "refinancing" transactions and the other more general form for other transactions); *In re Porter*, 961 F.2d 1066 (3d Cir. 1996) (lender did not provide proper notice of right to rescind where lender failed to provide the specific form explaining the exception for "refinancing" transactions).

holding.[44]   Moreover, the First Circuit just recently declined to follow the Seventh

Circuit's *Handy* holding, noting that *Handy* appeared inconsistent with the

Eleventh Circuit's *Highland Bank* and *Veale* decisions.[45]

In this case, plaintiffs do not dispute that they received and signed, on April

14, 2005, April 22, 2005, June 30, 2005, and June 21, 2005, respectively, both the

"NOTICE OF RIGHT TO CANCEL" forms and the "ONE WEEK

CANCELLATION PERIOD" forms.[46]   It is further undisputed that ***no*** plaintiff in

this case made any attempt to rescind the transactions either within the statutory

three-day period or within the one-week contractual period.   As such, plaintiffs'

rights to rescind expired long before they allegedly began sending rescission letters

on July 18, 2007,[47] and their present claims are due to be dismissed.

### III. CONCLUSION

**WHEREFORE**, defendant respectfully requests that the Court enter an

order dismissing the plaintiffs' Complaint.

---

[44] *Veale*, 85 F.3d at 581.

[45] *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. Apr. 19, 2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive 'technical' errors.'  As the Eleventh Circuit  has explained [in *Highland Bank*], Congress in 1995 rejected this hyper-technical view of TILA….") (citations omitted).  The *Santos-Rodriguez* court further explained that that *Veale* was still good law.  *Id.* at 18 n.10.

[46] *See* Exs. A-H, attached hereto.

[47] Doc. 1, Compl., ¶¶ 18, 29, 40, & 51.

Respectfully submitted,


s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Kenneth J. Riemer, Esq.
P.O. Box 1206
Mobile, Alabama  36633

Earl P. Underwood, Jr., Esq.
James D. Patterson, Esq.
Law Offices of Earl P. Underwood, Jr.
P.O. Box 969
Fairhope, Alabama 36533-0969

s/ Stephen J. Bumgarner
OF COUNSEL